EMERENCIANA RESTO, Plaintiff and Appellant, *v.* JORGE JUAN SILVA-SAPIA ET AL., Defendants and Appellees.

No. 4281. Argued February 8, 1928.—Decided May 31, 1928.

*O'Neill & O'Neill* for the appellant. *Acuña & Janer* and *Arturo Reichard* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In the present case a complaint was filed in an action called an action of filiation and the defendants demurred. After hearing both parties the court made the following ruling:

"The defendants herein have demurred to the complaint on the ground of lack of facts sufficient to constitute a cause of action because it appears from the face of the complaint that the action is prescribed.

"It is alleged in the complaint that the plaintiff was born in 1876; that her putative natural father died in France in the first part of the month of February, 1926, and that since her birth and until the death of the father the plaintiff has always been in continuous possession of the status of acknowledged natural daughter and treated by him as such.

"The complaint was filed on January 24, 1927.

"The plaintiff was born while the *Ley de Toro* was in force and under its provisions the action prescribed after 20 years. According to the Civil Code of 1889 a child could bring an action of filia-

tion during the lifetime of the father (Sec. 137 of the old Civil Code), and under the Revised Civil Code of 1902 (Sec. 199) only within two years after attaining majority, or in case of being of age in 1902 only within two years from the time when that code went into effect.

"The plaintiff became of age, that is, was 25 years old, as provided by the Spanish Civil Code, about the year 1901 and had until two years after 1902 in which to bring the action, but she did not do so and now it is prescribed. See De Jesús v. Succession Pérez Villamil, 18 P.R.R. 392; Roble v. Succession Pérez, 18 P.R.R. 894; Osorio v. Succession Pérez, 18 P.R.R. 896; Santiago v. Succession Matta, 19 P.R.R. 159; Rosado' v. Succession Matta, 19 P.R.R. 291; Figueroa v. Díaz, 20 P.R.R. 270; Orta v. Arzuaga et al., 23 P.R.R. 241, and Ramírez v. Ramírez, 30 P.R.R. 574.

"But it is alleged that in the present case there has been an interruption or waiver of the right because the plaintiff has been continually since her birth in 1876 until the death of the father in 1926 in possession of the status of natural daughter. We understand that the action of the plaintiff prescribed in 1904, or two years after the Revised Civil Code went into effect, because she had attained her majority in 1902, and that the acts of the putative father subsequent to 1904 can not revive an extinguished right. López v. López, 23 P.R.R. 766.

"The prescription of the rights of a natural child is not of the same nature as the ordinary prescription of debts and can not be interrupted. Gaul v. Bonafoux, 15 P.R.R. 545; Ciuro v. Ciuro, 31 P.R.R. 288.

"For the foregoing reasons the demurrer to the complaint is sustained . . . . "

That ruling was docketed as the judgment and the present appeal was taken therefrom.

We have studied the brief of the appellant and the question involved requires no new consideration. It has been treated from all of its angles by this court in the opinions cited in the decision of the district judge herein transcribed.

The facts of the case have been duly stated by the trial judge, except that referring to the majority of the plaintiff, which, according to the old Civil Code, was not reached at

25, but at 23, and to the consequent deduction. The error has no influence.

By applying to the facts the established jurisprudence, it must be concluded that the complaint was properly dismissed. Consequently the appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Hutchison dissented.